**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **VARUN SALARIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2357-D** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Varun Salaria, a noncitizen proceeding through counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded, Doc. 11, and Petitioner replied, Doc. 12. So the matter is at issue.

For the reasons below, the undersigned recommends the Court dismiss Petitioner's second habeas petition as an abuse of the writ.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Factual background and procedural history.

Petitioner is a citizen and national of India who entered the United States in May 2022. Doc. 1, at 9. Petitioner was detained in the interior of the country, received a Notice to Appear, and was placed into removal proceedings. *Id.* Petitioner later filed an application for asylum, *id.*, which has since been denied. Doc. 11, Ex. 1.

On November 6, 2025, Petitioner was detained by state law enforcement and later transferred to Immigration and Customs Enforcement (ICE) custody. Doc. 1, at 10. He remains detained at the Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* at 5.

Petitioner filed his first habeas petition in this Court on January 27, 2026. *Salaria v. Grant*, No. CIV-26-141-D, Doc. 1 (*Salaria I*). Petitioner argued that his detention violated the Immigration and Nationality Act (INA) and due process. *Id.* This Court granted the petition in part and ordered that Respondents provide Petitioner with a prompt bond hearing. *Salaria I*, 2026 WL 735461 (W.D. Okla. Mar. 16, 2026).

Petitioner received a bond hearing after which an Immigration Judge (IJ) denied him bond. Doc. 1, at 2. In a Motion to Enforce filed in his first proceeding, Petitioner claimed that "the denial of bond was not supported by evidence, did not meaningfully engage with the substantial record presented,

and resulted in continued detention untethered to any demonstrated risk of flight or danger." *Salaria I*, Doc. 12, at 1. This Court denied the motion, finding that it did "not have jurisdiction to review the immigration judge's discretionary decision regarding the denial of bond." *Id.* Doc. 15, at 4.

On April 29, 2026, an immigration judge denied Petitioner's application for asylum and ordered him removed. Doc. 11, Ex. 1. Petitioner timely filed an appeal of the removal order, which remains pending before the Board of Immigration Appeals. *Id.* Ex. 2; EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 13, 2026).

Petitioner filed the instant petition on September 2, 2026. He presents three claims for relief: (1) unlawful warrantless arrest in violation of 8 U.S.C. § 1226(a) and § 1357(a)(2); (2) failure to comply with statutory requirements for warrantless immigration arrests, 8 U.S.C. § 1357(a)(2); and (3) violation of Petitioner's Fifth Amendment due process rights. Doc. 1, at 15-21. He requests release from custody and declarations that Respondents lacked statutory authority to arrest Petitioner and keep him in custody, that Petitioner's bond hearing did not cure the warrantless arrest, and that Petitioner's continued detention violates both the INA and the Fifth Amendment. *Id.* at 23-24.

## II. Analysis.

Respondents urge the Court to dismiss the petition as an abuse of the writ. Doc. 11, at 3. Petitioner argues that the abuse of the writ doctrine does not apply where the first petition was granted.[3] Doc. 12, at 3. Alternatively, Petitioner argues that the Court should hear his new claims notwithstanding his prior petition because (1) he can show good cause for not presenting those claims in the first action, and (2) failing to hear them would create a fundamental miscarriage of justice. *Id.* at 4.

"The principle called 'abuse of the writ' developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Salomov v. Blanche*, No. CIV-26-1632-R, 2026 WL 2667458, at *4 (W.D. Okla. Sept. 10, 2026) (citing *Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the abuse of the writ doctrine)).[4] The abuse-of-the-writ doctrine authorizes a court

---

[3] Although the typical abuse-of-the-writ case involves a denial of the first petition, Petitioner makes no argument as to why a successful first petition would not have the same preclusive effect on new claims. Doc. 12, at 3 (explaining that Respondents' cases all "involved a prior loss on the merits or a repeat of the same claim," not "a new claim after the first petition was granted.").

[4] 28 U.S.C. § 2244(a) itself "does not bar [an immigration] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States,' and [an immigration]

to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not." *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). While "the government bears the burden of pleading abuse of the writ," once it does so, "[t]he burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To excuse the omission of a claim from an earlier petition, Petitioner must demonstrate cause for failing to raise the claim and resulting prejudice. *Stanko*, 617 F.3d at 1271 (Petitioner must "establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim."). Alternatively, he must establish that declining to consider the claim would result in a "fundamental miscarriage of justice." *McCleskey*, 499 U.S. at 494-95.

Here, Respondents have borne their burden to "note[] petitioner's prior writ history, identif[y] the claims that appear for the first time, and allege[] that petitioner has abused the writ" with "clarity and particularity." *Id.* at 494; *see* Doc. 11, 3-5.

---

petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, No. CIV-26-943-HE, Doc. 11, at 3 n.3 (W.D. Okla. June 17, 2026) (citing *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)).

Petitioner offers three reasons why his failure to raise his warrantless arrest claim in his first petition is excusable.

First, Petitioner argues that he had no reason to raise the warrant issue because an administrative warrant is a requirement under § 1226, but Respondents argued in his first proceeding that his detention was governed by § 1225. Doc. 12, at 5. However, Petitioner argued in his first proceeding that § 1226 should apply to his detention, and this Court agreed. *Salaria I*, Doc. 1, at 24-25; Doc. 10, at 3 ("Accordingly, § 1226 controls Petitioner's detention"). If Petitioner believed he had a valid claim under § 1226 that would support his release, he had no reason not to raise it.

Second, Petitioner argues that he did not know a warrantless arrest could support an order of release until after he filed his first petition. Doc. 12, at 5 (claiming that "Judges in this District first ordered release for warrantless § 1226 arrests in February and March 2026"). Before Petitioner filed his first petition on January 27, 2026, courts outside this district had considered similar warrantless-arrest claims and ordered release. *See Washington G. v. Bondi*, No. 26-CV-250 (JMB), 2026 WL 125173 (D. Minn. Jan. 16, 2026) (finding that "an arrest warrant is a prerequisite to detention under section 1226(a)" and ordering release); *Perez Velasquez v. Noem*, 25 Civ. 10338 (AT), 2025 WL 3707526 (S.D.N.Y. Dec. 22, 2025) (ordering release where petitioner

was detained without a warrant or individualized hearing); *B.D.A.A. v. Bostock*, Civ. No. 25-cv-2062-AA, 2025 WL 3484912 (D. Or. Dec. 4, 2025) (granting release in part based on improper arrest without a warrant or probable cause); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (finding sua sponte that the lack of a warrant justified petitioners' immediate release pending individualized bond hearings); *Rosado v. Figueroa*, No. CV-25-02157 (CDB), 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *adopted by* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025) (granting release based in part on improper warrantless arrest); *cf. Castanon Nava v. Dep't of Homeland Security*, 806 F. Supp. 3d 823 (N.D. Ill. 2025) (finding that ICE was bound by terms of settlement agreement requiring compliance with warrant requirement). Although such claims were not as common at the time as they are now, it was not "so novel that its legal basis [was] not reasonably available to counsel[.]" *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001).

Third, Petitioner argues that "the facts that decide this claim are in Respondents' hands." Doc. 12, at 5. But while Petitioner may not know whether a warrant ever issued, "Petitioner knows that ICE showed him no warrant." *Id*. Petitioner could have alleged in good faith that ICE lacked a warrant in his first petition.

Finally, Petitioner argues that declining to hear his claim would be a miscarriage of justice because he remains "in detention Congress did not authorize." *Id.* at 6. But Petitioner provides no authority for this argument. Petitioner relies on the report and recommendation in *Rabadanov v. Figueroa*, No. CIV-26-1441-J, but the district judge subsequently declined to adopt that recommendation and dismissed the petition as an abuse of the writ. *Id.* Doc. 15.

Generally, a "fundamental miscarriage of justice" requires a finding that "a constitutional violation probably has caused" the conviction or detention at issue. *McCleskey*, 499 U.S. at 494. Although Petitioner also invokes the Due Process Clause, his argument rests on Respondents' alleged failure to comply with the statutory arrest requirements. He does not identify an independent constitutional defect beyond that alleged noncompliance. *See* Doc. 1, at 15-19 (warrantless arrest violated 8 U.S.C. §§ 1226(a) and 1357(a)(2)); Doc. 12, at 4 (current petition "asserts that detention without statutory authority is a deprivation of liberty without due process").[5]

[5] Petitioner also litigated his due process rights in his first petition and was granted the relief available to him under § 1226(a): a constitutionally valid bond hearing.

Petitioner's appeal of his removal order to the Board of Immigration Appeals is still pending. Doc. 12, at 2. So he remains detained under 8 U.S.C. § 1226(a). *See, e.g.*, *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (holding that the statutory authority under § 1226(a) for the petitioner's initial detention remained while the petitioner was appealing his removal order to the court of appeals); *see also Salaria I*, 2026 WL 735461, at *2 (finding § "1226(a) controls Petitioner's detention"). Petitioner received a bond hearing under § 1226(a) in front of an IJ, at which the IJ found that Petitioner was a flight risk. *See Salaria I*, Doc. 15, at 2-4.

Because Petitioner could have raised his new claims in his first petition, the current petition is an abuse of the writ and the Court should dismiss it. *See, e.g.*, *Mannu v. Gantt*, No. 26-cv-2068-JD, Doc. 8 (W.D. Okla. Sept. 10, 2026) (dismissing second petition as abuse of the writ after first petition was granted in part and Petitioner was provided a bond hearing); *Chiniakov v. Lyons*, No. 26-cv-4106-DMK, 2026 WL 2525611 (C.D. Cal. Aug. 26, 2026) (denying petition as abuse of the writ where Petitioner raised new claims that could have been raised in the first petition).

## III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss Petitioner's habeas petition for abuse of the writ.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 30, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 16th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE